## Antonina Michalsky and Frank Michalsky, Defendants in Error, v. Salvatore Pisano and John Torrio, Plaintiffs in Error.

### Gen. No. 22,140.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed June 19, 1916. Rehearing denied July 1, 1916.

### Statement of the Case.

Action by Antonina Michalsky and Frank Michalsky, plaintiffs, against Salvatore Pisano and John Torrio, defendants, to recover earnest money paid on a contract for the purchase of real estate. To reverse a judgment for plaintiffs, defendants prosecuté a writ of error.

John Torrio contracted with Antonina Michalsky to sell to her the real estate described as Lots 4 and 5 except the south two feet of Lot 5, being forty-six by one hundred feet in Poyntz subdivision, etc., at the price of $6,200. Michalsky paid to Pisano $200 earnest money, agreeing to pay the remainder at the time specified in the contract. The contract and earnest

money were to be held by defendant Pisano for the mutual benefit of the parties concerned, and he was to apply the earnest money, first, to the payment of expenses, and, second, to the vendor's broker as a commission on the selling price for his services in procuring the contract, rendering the overplus to the vendor. The defense stated by Pisano was that "this defendant acted as a broker in the matter of the sale referred to in the contract in question; that plaintiffs themselves, without legal ground, refused to carry out said contract, and the plaintiffs, under the terms of said contract, have no claim upon the money deposited with this defendant and have stated no cause of action against this defendant in the statement of claim filed by them." The condition stated in the contract was that Torrio should furnish to Antonina Michalsky a good and sufficient warranty deed conveying the premises to her. This he failed to do and Pisano thereby became bound under the contract to return the earnest money.

Torrio did not assign error, but was summoned and judgment of severance entered, and Pisano alone assigns error on the record.

On the trial the jury found the issues for defendant Torrio, also found the issues for the plaintiffs and against defendant Pisano, and assessed plaintiffs' damages against Pisano at the sum of $200.

GEORGE E. DAWSON, for plaintiffs in error; MITCHELL DAWSON, of counsel.

A. F. W. SIEBEL, for defendants in error.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. VENDOR AND PURCHASER, § 305*—*when purchaser entitled to return of earnest money.* One who, having contracted for the purchase of real estate, pays to the vendor's broker earnest money, which is to be applied to the payment of expenses and brokerage, and balance paid to the vendor, is entitled to the return of such earnest money from such broker on failure of the vendor to tender a deed in accordance with his contract.

2. APPEAL AND ERROR, § 493*—*when erroneous judgment against one joint defendant only not disturbed on appeal.* Though the rule is that a plaintiff suing two or more on a contract must recover against all or none, a judgment entered against one defendant only in accordance with verdict will not be disturbed on appeal in the absence of an objection thereto in the trial court.